UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **SAMMY MASRI, M.D., et al.,** | Civ. No. 16-6961 (KM) (JBC) |
| **Plaintiffs,** | |
| v. | **OPINION** |
| **HORIZON HEALTHCARE SERVICES, INC., d/b/a HORIZON BLUE CROSS BLUE SHIELD OF NEW JERSEY, et al.,** | |
| **Defendants.** | |

**KEVIN MCNULTY, U.S.D.J.:**

Plaintiffs, The Center for Sport Medicine and Wellness LLC, Sammy I. Masri, LLC, and SIIM Holdings, LLC (collectively, "Masri Sports"),[1] bring this action against Horizon Healthcare Services, Inc. ("Horizon"), Non-New Jersey BCBS Plans 1–10, and John Does 1–10. Masri Sports seeks to recover no less than $411,932.00 in denied reimbursements arising from medical services provided to Horizon insureds. (AC ¶ 3.)[2]

---

[1] The original complaint named Sammy I. Masri, M.D. as the sole plaintiff. (Cplt. *passim.*) The three Masri Sports entities were named as co-plaintiffs in the amended complaint, which was filed after and in response to the motion to dismiss. (AC 1.) Footnote 1 of plaintiffs' surreply brief contains a concession that the Masri Sports entities are the proper plaintiffs, and consents to a voluntary dismissal of Masri himself. (Pl. Sur. 4, n. 1.)

[2] Record items cited repeatedly will be abbreviated as follows:

| | |
|---|---|
| "AoB" = | Assignment of Benefits Form, Exhibit A to Complaint (ECF No. 1, ex. B) |
| "AC" = | Amended Complaint (ECF No. 16) |
| "Cplt." = | Complaint (ECF No. 1) |

1

Multiple revisions of positions have resulted in a shifting set of issues. The six currently operative counts are:

Count I: Claim for benefits under ERISA;

Count II: Breach of the fiduciary duties under ERISA;

Count III: Failure to comply with ERISA claims regulations;

Count VI: Breach of contract;

Count VII: Breach of the covenant of good faith and fair dealing;

Count X: Quantum meruit.[3]

Horizon has moved under Fed. R. Civ. P. 12(b)(6)[4] to dismiss those six currently operative counts. Horizon contends that Masri Sports, a provider of

| "Def. Br." = | Defendant's Brief in Support of Motion to Dismiss for Lack of Standing and for Failure to State Claims upon which Relief Can Be Granted (ECF No. 10) |
|---|---|
| "Def. Reply" = | Defendant's Reply Brief in Further Support of Motion to Dismiss for Lack of Standing and for Failure to State Claims upon which Relief Can Be Granted (ECF No. 18) |
| "Pl. Br." = | Brief in Opposition to Defendant's Motion to Dismiss (ECF No. 17) |
| "Pl. Sur." = | Brief in Sur-Reply to Defendant's Motion to Dismiss (ECF No. 23) |

[3] Masri Sports states that it will voluntarily dismiss the following claims: declaratory relief based on violations of ERISA (Count IV), promissory estoppel (Count VIII), and unjust enrichment (Count IX). (Pl. Sur. 11, 13–14.) The plaintiff is master of its complaint, and will not be forced to pursue claims; it is not controversial that such an application will be granted. Count V is merely a claim for attorney's fees, and is more in the nature of a prayer for relief. No action is required unless and until plaintiff prevails on one or more claims.

On the other hand, in a footnote to a surreply brief, Masri Sports seeks to add a claim for statutory penalties pursuant to 29 U.S. §§ 1132(a)(1)(A) and 1132(c)(1). I will not consider that request; if Masri wishes to amend its complaint, it should make a properly supported motion in compliance with Fed. R. Civ. P. 15, following the procedures prescribed by Local Civil Rule 15.1.

[4] Horizon explains that it moved to dismiss under Fed. R. Civ. P. 12(b)(1) for lack of jurisdiction—specifically, lack of standing. (Def. Br. 1; Def. Reply 1.) A party's derivative status to pursue a claim under ERISA has been deemed a merits-based issue, suitable for consideration on a Rule 12(b)(6) motion. *N. Jersey Brain & Spine Ctr. v. Aetna, Inc.*, 801 F.3d 369, 371 n. 3 (3d Cir. 2015). This technical correction has no practical consequences; under either rule, the analysis of a facial attack on the complaint is similar.

2

medical care, lacks statutory derivative standing to pursue its claims, and also asserts that certain of the individual claims are insufficiently pled. For the reasons stated herein, I will grant Horizon's motion to dismiss Count III, but deny it as to Counts I, II, VI, VII, and X.

## I. Background

The allegations of the amended complaint are taken as true for the purposes of Horizon's motion. *See* Section II.a, *infra*.

Masri Sports specializes in the diagnosis and treatment of non-surgical sports and other musculoskeletal injuries. It operates out of three locations in northern New Jersey. (AC ¶¶ 6–9.) Horizon is a not-for-profit health service corporation that underwrites or administers the health insurance benefits of more than 3.6 million insureds in New Jersey, a majority of which are governed by the Employment Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq.* (*Id.* ¶¶ 18, 20.) Horizon provides its insureds with access to covered services primarily (though not exclusively) by utilizing a network of health care providers who have contractually agreed to participate on a fixed-fee basis. It reimburses its insureds for these covered services, subject to the terms, conditions, and benefit limitations set forth under its various plans. (*Id.* ¶¶ 18, 22.)

The plans at issue in the complaint, however, also provide for "out-of-network" benefits, under which the insured have a right to insurance benefits for services provided by healthcare providers who have not entered into "Participating Provider" agreements with Horizon. These out-of-network providers have not agreed to accept Horizon's contractual fee schedule when providing covered servicers to Horizon insureds, but are still entitled to be reimbursed at "usual, customary, and reasonable" rates. (*Id.* ¶ 23.)

Masri Sports was an out-of-network or "Non-Participating" provider when it treated the Horizon-insured patients at issue in the complaint. (*Id.* ¶ 24.) Masri Sports provided health care services to these insureds and expected to be paid by Horizon for providing these services. (*Id.* ¶ 25.)

3

Masri Sports required each of those insured patients to sign an assignment of benefits ("AoB") form. (*Id.* ¶ 27.) The AoB form reads as follows:

1. I hereby assign to MASRI Sports Medicine & Wellness my rights to receive payments from negligent parties or from insurance companies responsible for my claim.
2. I also hereby authorize direct payments to MASRI Sports Medicine & Wellness of any sum I now or hereafter owe you by my attorney our [sic] of any proceeds of any settlement of my case and by any Insurance company obligated to make payment to my [sic] or you based in whole or in part upon the charges made for your services.
3. I also hereby assign to MASRI Sports Medicine & Wellness all of my rights to obtain payment under the personal injury protection provisions of an automobile insurance policy or any other health insurance policy of any medical bills incurred as a result of my treatment, including the option to submit any dispute in my name to binding arbitration under the auspices of the National Arbitration Forum or any other forum that the provider deems appropriate.
4. I acknowledge and understand that although this office will file claims with my insurance carrier as a courtesy, I am ultimately responsible to pay for the services rendered. I am responsible for any co-insurance, deductibles, out of network costs or those services which my carrier deems non-covered. I permit a copy of this authorization to be used in place of the original for the purpose of obtaining payment from my insurance company.
5. **Attention Insurance Carrier:** If applicable under your policy, you are hereby asked for your consent to the form and content of this Assignment Authorization and the resulting legal rights insured to MASRI Sports Medicine & Wellness. Failure to deny your approval on reasonable grounds within 72 hours of receipt of this request constitutes your approval of this Assignment.
THIS IS A DIRECT ASSIGNMENT OF MY RIGHTS AND BENEFITS UNDER THIS POLICY.

(AoB.)

The services at issue that Masri Sports rendered to its patients include, among other things, EMG/NCV testing, surgical procedures, office visits, and injections. Horizon denied the requests of Masri Sports to be reimbursed for those services (*Id.* ¶¶ 46–47.) Masri Sports claims that Horizon has failed to provide it with information it requested, including the following: contact information for the plan administrator, claims administrator, fiduciaries, and

4

third party administrators involved in the claims process, copies of the insurance policy, the Summary Plan Description, and the Plan, the Evidence of Coverage, and plan claims procedures. (*Id.* ¶¶ 55–56.) Masri Sports alleges that it appealed these denials of claims within Horizon and exhausted its administrative remedies. Horizon allegedly issued only blanket denials, stating that the services were not medically necessary or not covered under the Insureds' plans. (*Id.* ¶ 57.)

Masri Sports filed this action against Horizon on October 11, 2016. (Cplt. 32.) Horizon filed its motion to dismiss on January 12, 2017. (ECF no. 10.) The plaintiffs filed a response, but also filed an Amended Complaint. (ECF nos. 16, 17.) Horizon then filed a reply. (ECF no. 18) Magistrate Clark ordered that the motion to dismiss would be considered in relation to the complaint in its amended form, and authorized the plaintiffs to file a surreply, which they did. (ECF nos. 22, 23.)

## II. Discussion and Analysis

### a. Standard on Rule 12(b)(6) motion

Rule 12(b)(6) provides for the dismissal of a complaint, in whole or in part, if it fails to state a claim upon which relief can be granted. The defendant, as the moving party, bears the burden of showing that no claim has been stated. *Animal Science Products, Inc. v. China Minmetals Corp.*, 654 F.3d 462, 469 n. 9 (3d Cir. 2011). For the purposes of a motion to dismiss, the facts alleged in the complaint are accepted as true and all reasonable inferences are drawn in favor of the plaintiff. *New Jersey Carpenters & the Trustees Thereof v. Tishman Const. Corp. of New Jersey*, 760 F.3d 297, 302 (3d Cir. 2014).

Federal Rule of Procedure 8(a) does not require that a complaint contain detailed factual allegations. Nevertheless, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Thus, the complaint's factual allegations must be sufficient to raise a plaintiff's right to

relief above a speculative level, so that a claim is "plausible on its face." *Id.* at 570; *see also West Run Student Housing Assocs., LLC v. Huntington Nat. Bank*, 712 F.3d 165, 169 (3d Cir. 2013). That facial-plausibility standard is met "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). While "[t]he plausibility standard is not akin to a 'probability requirement' . . . it asks for more than a sheer possibility." *Iqbal*, 556 U.S. at 678.

### b. Assignment of Benefits and Statutory Derivative Standing

Section 502(a) of ERISA grants "a participant or beneficiary" of a covered plan standing "to recover benefits due to him under the terms of his plan." 29 U.S.C. § 1132(a). It is now clear, however, that healthcare providers may obtain derivative standing to sue from a participant or a beneficiary by assignment. *CardioNet, Inc. v. Cigna Health Corp.*, 751 F.3d 165, 176 n. 10 (3d Cir. 2014); *see also N. Jersey Brain & Spine Ctr. v. Aetna, Inc.*, 801 F.3d 369, 372 (3d Cir. 2015) ("We hold as a matter of federal common law, when a patient assigns payment of insurance benefits to a healthcare provider, that provider gains standing to sue under ERISA § 502(a)."). To determine the scope of claims that a healthcare provider may bring under ERISA, courts look to the language of the assignment. *Ctr. for Orthopedics & Sports Med. v. Horizon*, No. 13-1963, 2015 WL 5770385, at *4 (D.N.J. Sept. 30, 2015) (citing *Eden Surgical Ctr. v. B. Braun Med., Inc.*, 520 F. App'x 696, 697 (9th Cir. 2011)).

The parties do not dispute that the AoB grants Masri Sports standing to sue on behalf of its patients for the recovery of payments. (*See* Def. Reply 3–4 n.1) Horizon argues, however, that the AoB is *limited* to claims for recovery of "payments"; it does not convey the right to seek any other relief under ERISA. What that means in practical terms, implies Horizon, is that Masri Sports is authorized to pursue only Count I of the Amended Complaint; the AoB does not give Masri Sports standing "to bring fiduciary duty claims or seek declaratory

6

or injunctive relief or penalties on behalf of the patient." (*Id.*; *see also* Def. Reply 2, 4.)

Masri Sports relies chiefly on the AoB language in "all caps" ("THIS IS A DIRECT ASSIGNMENT OF MY RIGHTS AND BENEFITS UNDER THIS POLICY"). This sentence, says Masri Sports, is a broad assignment transferring all rights to sue that the Horizon insureds possessed under the policy. (Pl. Sur. 3–8.)

In *Ctr. for Orthopedics*, *supra*, the court reasoned that an assignment limited in the fashion suggested by Horizon here would surely have read differently; had "the assignment only directed [the insurer] to send checks to [the healthcare provider], the assignment would only [have] include[d] the right to receive the payment of insurance benefits." 2015 WL 5770385, at *5. And indeed, where the language of an assignment has been so limited, the courts have correspondingly limited the scope of the assignee providers' standing to sue. *See, e.g.*, *Bloomfield Surgical Ctr. v. Cigna Health & Life Ins. Co.*, No. 16-8645, 2017 WL 2304642, at * 2 (D.N.J. May 25, 2017) (finding the assignment of "all my rights and benefits under any insurance contacts *for payment for service rendered* to me" and the right to "enter legal or other action on my behalf . . . *to collect such sums due*" to be too narrow to allow for standing to include the full array of rights under ERISA); *Premier Health Ctr., PC v. United Health Grp.*, 292 F.R.D. 204, 219–20 (D.N.J. 2013) (denying doctor standing to pursue injunctive relief where the assignment "assign[ed] directly to [the doctor] all insurance benefits, if any, otherwise payable to [patient] for the services rendered").[5]

But the language of the assignment in *Ctr. for Orthopedics* was not so limited; it was far broader, as that court recognized. True, that assignment authorized direct payment to the health care provider, but it also provided that "THIS IS A DIRECT ASSIGNMENT OF MY RIGHTS AND BENEFITS UNDER

---

[5]     *Premier* warned of unintended potential harm to the rights of patients: "[T] o allow a healthcare provider to assert ERISA claims outside the logical scope of an assignment from a subscriber would unknowingly deprive the subscriber of standing to assert those claims in the future." *Id.*

7

THIS POLICY." 2015 WL 5770385, at *5. *Ctr. for Orthopedics* held that this "broad assignment" conferred upon the healthcare provider the right to pursue, not just payment of benefits, but also statutory penalties under § 502(c)(1)(B) of ERISA. *Id.* at *5.

Masri Sports' AoB is indistinguishable from the one interpreted by Judge Hayden in *Ctr. for Orthopedics*. Masri Sports' AoB, at one point, explicitly assigns the "rights to receive payments . . . from insurance companies responsible for [the insured's] claim." But it *also* contains the broad language in "all caps" stating that "THIS IS A DIRECT ASSIGNMENT OF MY RIGHTS AND BENEFITS UNDER THIS POLICY." That all-inclusive language of assignment, identical to that in *Ctr. for Orthopedics*, is not accompanied by any limiting language. (AoB.) Like Judge Hayden, I hold that this language is broad enough to encompass claims for relief other than just payment of benefits. *See also Shah v. Horizon Blue Cross Blue Shield*, No. 15-8690, 2016 WL 4499551, at *7–8 (D.N.J. Aug. 25, 2016) (finding the assignment of "all of [the Participant's] rights and benefits under [her] insurance contract for services rendered to [her]" sufficient to survive a motion to dismiss claims for violations of fiduciary duty).

This case is not one in which the language of the assignment limits the scope of claims the assignee may assert. By using broad language in the AoB, Masri Sports obtained from its patients the right to pursue claims beyond the collection of insurance benefits. I therefore hold that Masri Sports has obtained derivative statutory standing to pursue the claims in the Amended Complaint.

### c. Breach of Fiduciary Duty

Horizon moves to dismiss Count II (breach of fiduciary duty) for failure to state a claim. Horizon contends that Count II is unsupported by sufficient factual allegations, that it is redundant, and that it is legally flawed because § 502 does not provide a remedy for "individual injuries" as distinct from "plan injuries." (Def. Br. 8.)

8

The "plan injury" point I set aside.[6]

The "redundancy" argument boils down to a contention that Count II is impermissibly duplicative of Count I. The structure of § 502 of ERISA suggests that the "catchall" provisions providing for "appropriate equitable relief" for "any" statutory violation are meant to act as a safety net, allowing equitable relief for injuries that § 502 does not otherwise adequately remedy. *Varity Corp. v. Howe*, 516 U.S. 489, 512 (1996). I accept that these classes of claims may be considered alternatives; I do not think, however, that *Varity* precludes the assertion of both §§ 502(a)(1)(B) and 502(b) claims at the pleading stage. *See Lipstein v. United Healthcare Ins. Co.*, No. 11-1185, 2011 WL 5881925, at *3 (D.N.J. Nov. 22, 2011); *but see Shah v. Horizon*, 2016 WL 4499551, at *9 (noting that the circuits and the district itself are still split as to the effect of *Varity* on a plaintiff's ability to simultaneously pursue both benefits claims and fiduciary duty claims under § 502).

I will not now dismiss Count II as being impermissibly duplicative of Count I. Without some factual context, it is simply too early to tell whether either one, or neither, is appropriate. *See, e.g., Shah v. Horizon*, 2016 WL 4499551, at *9 ("In Defendant's view, the breach of fiduciary duty claim is duplicative of [a § 502(a)(1)(B) claim] and must be dismissed. [T]he Court finds this argument to be premature at this early juncture."); *Martin v. Prudential Ins. Co. of Am.*, No. 12-6208, 2013 WL 3354431, at *9 n.5 (D.N.J. July 2, 2013) ("*Varity* does not mandate dismissal of [a fiduciary duty] claim at the motion-to-dismiss stage simply because Plaintiff also brought a § 502(a)(1)(B) claim."); *Segura v. Dr. Reddy's Labs., Inc.*, No. 11-6188, 2012 WL 6772060, at *8 (D.N.J. Dec. 21, 2012) ("At this early stage in the litigation, however, a complaint pleading both wrongful denial of benefits and breach of fiduciary duty is not duplicative, nor does it require that the Court strike one claim to uphold the

---

6    Masri Sports alleges that it is "su[ing] in a representative capacity on behalf of the individual Horizon Plans at issue . . . for relief with respect to breaches of fiduciary duties . . . ." (AC ¶ 93.) The potential vulnerabilities of this contention might be revisited at the summary judgment stage.

other."); *but see Cohen v. Indep. Blue Cross*, 820 F. Supp. 2d 594, 607–08 (D.N.J. 2011) (finding a recovery of benefits claim and breach of fiduciary claim "impermissibly duplicative" where plaintiff merely alleged erroneous calculation of plan benefits); *Zahl v. Cigna Corp.*, No. 09-1527, 2010 WL 1372318, at *4 (D.N.J. Mar. 31, 2010) (finding same where plaintiff did make separate, distinct allegations from the recovery claim).

Here, Masri Sports makes fiduciary-breach allegations that are sufficient under *Twombly/Iqbal* pleading standards, and are at least potentially distinct from its § 502(a)(1)(B) claim that Horizon wrongfully denied claims for benefits. (AC ¶¶ 76–84.) For example, Horizon allegedly issued "blanket denials" without sufficient explanation, despite a record showing the necessity for treatment, and engaged in "extreme and unjustified delays." (AC ¶¶ 99, 101.)

In the ordinary course, a party is entitled to plead claims in the alternative. *See* Fed. R. Civ. P. 8(d).[7] It would be "antithetical to the spirit of liberal pleading rules" to force Masri Sports to elect, dropping potentially meritorious claims in favor of others that may turn out not to be meritorious. *Bell v. Guardian Life Ins. Co.*, No. 08-1629, 2008 WL 4852840 (D.N.J. Nov. 6, 2008) (quoting *Parente v. Bell Atl. Pa.*, No. 99-5478, 2000 WL 419981, at *3 (E.D. Pa. Apr. 18, 2000)). Sorting out the merits of these claims is best left to discovery and summary judgment.

I will therefore deny the motion to dismiss Count II.

---

[7]

> (2) *Alternative Statements of a Claim or Defense.* A party may set out 2 or more statements of a claim or defense alternatively or hypothetically, either in a single count or defense or in separate ones. If a party makes alternative statements, the pleading is sufficient if any one of them is sufficient.
>
> (3) *Inconsistent Claims or Defenses.* A party may state as many separate claims or defenses as it has, regardless of consistency.

Fed. R. Civ. P. 8(d)(2), (3).

10

### d. Violation of Claims Processing Regulations

Count III alleges that Horizon failed to comply with ERISA Sections 503 and 505, 29 U.S.C. §§ 1133 & 1135, and regulations promulgated thereunder, concerning the processing of claims. Horizon, it alleges, violated requirements that employee benefit plans provide adequate notice of denials of claim and afford a reasonable opportunity for full and fair review of such denials. (AC ¶ 110) Horizon argues that this claim should be dismissed because those provisions do not confer a private right of action.

Sections 503, 505, and the relevant accompanying regulations do not explicitly set forth any cause of action, but rather promulgate basic requirements for ERISA claims procedures and administration. *Miller v. Am. Airlines, Inc.*, 632 F.3d 837, 850–51 (3d Cir. 2011). Cases within this district have consistently held that §§ 503 and 505 and their accompanying regulations do not bestow a private right of action on plan participants. *Shah v. Horizon*, 2016 WL 4499551, at *11 (dismissing a claim brought under 29 C.F.R. §2560.503-1 with prejudice because the regulation did not provide a private right of action); *Drzala v. Horizon Blue Cross Blue Shield*, No. 15-8392, 2016 WL 2932545, at *6 (dismissing a claim for failure to maintain reasonable claims procedures under 29 C.F.R. §2560.503-1 and finding no distinction between ERISA procedures claims brought directly under ERISA [§ 503] and those brought pursuant to the applicable regulation); *Galman v. Sysco Food Servs. of Metro N.Y., LLC*, No. 13-7800, 2016 WL 1047573, at *5 n.4 (D.N.J. Mar. 16, 2016), *aff'd* 674 Fed. App'x 211 (3d Cir. 2016) (noting that § 503 does not create an independent right of action for obtaining plan documents); *Piscopo v. Pub. Serv. Elec. & Gas Co.*, No. 13-552, 2015 WL 3938925, at *5 (D.N.J. Mar. 16, June 25, 2015), *aff'd* 650 Fed. App'x 106 (3d Cir. 2016) (dismissing a claim for failure to provide a full and fair review under § 503 with prejudice); *Cohen v. Horizon Blue Cross Blue Shield of N.J.*, No. 13-3057, 2013 WL 5780815, at *9 (D.N.J. Oct. 25, 2013) (same).

11

Masri Sports backtracks in its surreply, saying that Count III is "not seeking legal relief," but rather "relief from administrative burdens." (Pl. Sur. 10.) That seems to be a reference to Masri Sports' contention that its administrative remedies "should be deemed exhausted or [the requirement of administrative exhaustion] excused" on grounds of futility or inadequate procedures. (*See* AC ¶¶ 115–17.) Exhaustion of remedies, however, is not an independent cause of action; it is a condition precedent to the assertion of other claims. Similarly, violations of those regulatory standards may be probative of whether a decision to deny benefits was arbitrary and capricious. *Cohen*, 2013 WL 5780815, at *9 (quoting *Miller*, 632 F.3d at 851). That is not to say, however, that such violations are themselves actionable.

I will therefore grant Horizon's motion to dismiss Count III.

### e. Contract Claims/Quantum Meruit

Counts VI, VII, and X assert related claims for breach of contract, breach of the implied covenant of good faith and fair dealing, and quantum meruit. By their explicit terms, they are pled in the alternative; they apply only to the plan is not an ERISA plan, or claims are not preempted by ERISA. (AC ¶¶ 139, 148, 155.) The "contracts" in question seems to be those between Horizon and its insureds; the quantum meruit claim involves the value of services rendered by Masri Sports to its patients. (*E.g.*, AC ¶¶ 62, 139–46, 151.)

This is an ERISA case about an ERISA plan, as Horizon appears to concede. These state-law claims are very likely preempted, and therefore redundant. Still, a party is not required to place itself at peril of guessing wrong. A plaintiff may plead in the alternative, *see* Fed. R. Civ. P. 8(d), quoted at 10 n.7, *supra,* and Horizon has not yet answered or asserted any matters in defense. I will therefore leave these claims intact against the possibility that the ERISA claims fail, or ERISA coverage takes on an unexpected scope, in the process of discovery and summary judgment. *See Weller v. Linde Pension Excess Program*, No. 16-4245, 2017 WL 399206, at *6 (D.N.J. Jan. 30, 2017)

(declining to address preemption issue and therefore denying motion to dismiss a breach of contract claim).

Horizon's motion to dismiss the claims of breach of contract, breach of the implied covenant of good faith and fair dealing , and quantum meruit (Counts VI, VII, and X) is therefore denied.

## CONCLUSION

For the reasons set forth above, Horizon's motion to dismiss the Amended Complaint under Fed. R. Civ. P. 12(b)(6) is GRANTED IN PART AND DENIED IN PART, as follows:

(1) The motion to dismiss is DENIED as to the ERISA claims for benefits (Count I) and breach of fiduciary duty (Count II), as well as the state-law claims of breach of contract, breach of the implied covenant of good faith and fair dealing, and quantum meruit (Counts VI, VII, and X).

(2) The motion to dismiss is GRANTED as to the claim of violations of claims processing regulations (Count III).

(3) Counts IV, VIII, and IX are voluntarily dismissed by plaintiffs.

An appropriate Order is filed herewith.

Dated: September 18, 2017

**Kevin McNulty**
**United States District Judge**